UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALISON FRANCISCUS,

    Plaintiff,

v.                                              CASE NO.: 3:24-cv-212-HES-PDB

CITY OF JACKSONVILLE,
FLORIDA, a political subdivision
created pursuant to the Florida
Constitution and laws of the State
of Florida,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, City of Jacksonville ("City"), hereby answers Plaintiff's Complaint for Injunctive Relief, Damages, and Demand for Jury Trial (Doc. 1), as follows:

### I.    INTRODUCTION, JURISDICTION, AND VENUE

1. Admitted.

2. Admitted, except as to the word "purportedly."

3. Admitted.

4. Admitted.

5. Admit that volunteers are not compensated, otherwise without knowledge, therefore denied.

6. Admit that the City has dismissed volunteers, otherwise denied.

7. Denied.

8. Denied.

9. Admit that Plaintiff seeks relief against the City, but denied that Plaintiff is entitled to any relief.

10. Admit that the Court has jurisdiction, but denied that Plaintiff is entitled to any relief.

11. Admit that venue is proper in this Court, but denied that Plaintiff is entitled to any relief.

12. Admit that the Court is authorized to issue injunctive relief, but denied that Plaintiffs is entitled to any such relief.

13. Admit that the Court is authorized to grant relief, but denied that Plaintiff is entitled to any such relief.

## II.   PARTIES

14. Without knowledge.

15. Admitted.

## III.   GENERAL FACTUAL ALLEGATIONS

16. Without knowledge, therefore denied.

17. Admitted.

18. Admitted.

19. Admit that Franny Buffa is a City employee with authority to dismiss volunteers in consultation with the Chief; otherwise denied.

20. Without knowledge, therefore denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Admit that Plaintiff was dismissed as a volunteer; otherwise denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## IV. SPECIFIC FACTUAL ALLEGATIONS OF RETALIATION

32. Admitted.

33. Denied.

34. Without knowledge, therefore denied.

35. Admit that a meeting was held, otherwise denied.

36. Without knowledge, therefore denied.

37. Without knowledge, therefore denied.

38. Without knowledge, therefore denied.

39. Without knowledge, therefore denied.

40. "Exhibit 1" speaks for itself; otherwise without knowledge, therefore denied.

41. "Exhibit 2" speaks for itself.

42. Admit that Plaintiffs was fostering a dog, otherwise without knowledge.

43. Admit that Plaintiff sought to (and did) adopt the dog.

44. Denied that Plaintiff was ever banned from the Animal Shelter; admitted that she made staff and volunteers uncomfortable, and that Bricker sought to speak with Plaintiff (but she refused).

45. Admitted that the shelter's general process does not include individual discussion, but otherwise denied, because Plaintiff's adoption involved an animal with special needs, and yet Plaintiff refused to discuss her specific adoption.

46. "Exhibit 3" speaks for itself; otherwise denied.

47. "Exhibit 4" speaks for itself, otherwise denied.

48. "Exhibit 5" speaks for itself, otherwise denied.

49. Admit Plaintiff was dismissed, otherwise denied.

50. Denied.

51. "Exhibit 6" speaks for itself, otherwise denied.

52. Denied.

53. Denied.

54. Without knowledge, therefore denied.

55. Denied.

56. Denied.

57. Admit that Bricker dismissed Plaintiff, otherwise denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## V.   **LEGAL FRAMEWORK (FREE SPEECH & VOLUNTEERS)**

66. Admit that Plaintiff attempts to bring this action under 42 U.S.C. §1983; denied that Plaintiff is entitled to any relief.

67. The case law speaks for itself; no response is required.

68. The case law speaks for itself; no response is required.

69. The case law speaks for itself; no response is required.

5

70. The case law speaks for itself; no response is required.

71. The case law speaks for itself; no response is required.

72. The case law speaks for itself; no response is required.

73. The case law speaks for itself; no response is required.

74. The case law speaks for itself; no response is required.

75. The case law speaks for itself; no response is required.

76. The case law speaks for itself; no response is required.

## VI.   CAUSE OF ACTION

### (42 U.S.C. §1983 FIRST AMENDMENT RETALIATION)

77. Defendant realleges and incorporates its responses to the preceding paragraphs 1-76 herein.

78. Admit that Plaintiff attempts to bring this action under 42 U.S.C. §1983; otherwise denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Admit that employees of the City acted in their official capacities;

otherwise denied.

87. Admitted.

88. Admit that City employees follow the law; denied that any such retaliation occurred.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

Denied that Plaintiff is entitled to any of the relief requested, or that she is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

1. Plaintiff's applicable claims are barred by sovereign immunity, or the amount of any liability is limited.

2. Plaintiff cannot seek damages against the City because the City had no unconstitutional policy, practice or custom during the events alleged in the Complaint (the City's policy, as partially shown in "Exhibit 6" to the Complaint, is constitutional).

3. The City cannot be liable for violations that are not its own violations of the Constitution; there is no City policy, practice, custom or usage on which to hold the City liable under *Monell v. Dept. of Social*

7

*Services*, 436 U.S. 658 (1978), and alleged violations were not so pervasive among non-policymaking employees as to constitute a custom or usage with the force of law.

4. There is no claim for municipal liability because Plaintiff has not plead the existence of a continuing, widespread and persistent pattern of unconstitutional conduct on the part of City employees, and the City was never notified of any such alleged misconduct.

5. Defendant City asserts the affirmative defense that no constitutional violations were committed by any officer, employee, or agent of the City of Jacksonville during the events described in the Complaint.

6. Defendant City asserts the affirmative defense that all actions taken by the City or its agents and employees were reasonable, legitimate, justified, and legal under the circumstances.

7. Plaintiff's alleged free speech interest in commenting on matters of public concern was not the substantial or motivating factor of her dismissal as a volunteer with the City, and thus she cannot claim retaliation.

8. The Plaintiff's interest in free speech was outweighed by the City's interest in promoting its efficient and non-disrupted operations, and thus there is no claim for retaliation.

9. Plaintiff was dismissed as a volunteer for failing to perform her duties in an efficient and non-disruptive manner, and not for any retaliatory purpose.

10. The City dismissed the Plaintiff as a volunteer for legitimate, non-discriminatory reasons, which were not a pretext for First Amendment retaliation; the City would have taken the same actions regardless of Plaintiff's alleged protected speech.

11. Defendant City asserts the affirmative defense that the City cannot be held liable for any malicious or wanton conduct of an employee.

12. Plaintiff cannot claim punitive damages against the City.

13. Defendant City asserts the affirmative defense that its officers, agents, and employees acted reasonably, in good faith, consistent with customary and professional practices, and within the scope of applicable law at all times during the events alluded to in the Complaint.

14. Plaintiff is barred from asserting her claim due to the doctrine of unclean hands.

15. The City denies all paragraphs, including sub-parts, and allegations in the Complaint not herein specifically admitted or denied.

16. Plaintiff has not and cannot allege any damages as a result of her dismissal as a City volunteer.

17. The City further denies that Plaintiff is entitled to any of the relief sought within Plaintiffs' "wherefore" clauses.

18. The City reserves the right to assert any other affirmative defenses hereafter discovered.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**

*/s/ Craig D. Feiser*
**Craig D. Feiser, Esq.**
Assistant General Counsel
Florida Bar No.: 164593
CFeiser@coj.net; BOsburn@coj.net
**Christopher M. Garrett, Esq.**
Chief, General Litigation
Florida Bar No.: 798541
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Tel: (904) 255-5100
Fax: (904) 255-5120
*Counsel for Defendant,*
*City of Jacksonville*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of March, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court for uploading to the CM/ECF system which will send notice of electronic filing to all counsel of record who are participants in the Court's ECF filing system: Denese Venza, Esq., 931 Village Blvd. #905-322, West Palm Beach, FL 33409, dvenza@venzalawpllc.com, Marcy LaHart, Esq., 249 SE Tuscawilla Rd.,

Micanopy, FL 32667, marcy@floridaanimallawyer.com.

<i>/s/ Craig D. Feiser</i><br>
<i>Counsel for Defendants</i>